| DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO<br><br>**COURT ADDRESS:**<br>1437 Bannock St.<br>Denver, CO 80202 | DATE FILED: July 21, 2022 11:10 AM<br>FILING ID: 6CFD05B5EB3F3<br>CASE NUMBER: 2022CV32050 |
|---|---|
| **Plaintiff(s):** Roberta Ford<br><br>vs.<br><br>**Defendant(s)**: State Farm Fire and Casualty Company | ▲ COURT USE ONLY ▲ |
| Attorney for Plaintiff:<br><br>Kenneth R. Fiedler, Esq.<br>James R. Anderson, Esq.<br>**KEN FIEDLER INJURY LAW**<br>4725 S. Monaco St., Suite 120<br>Denver, CO 80237<br>Telephone: (720) 996-6000<br>Fax Number: (720) 696-7962<br>E-mail: Ken@kfinjurylaw.com<br>James@kfinjurylaw.com | Case Number:<br>Division: |
| **COMPLAINT AT LAW AND JURY DEMAND** | |

Plaintiff, through her attorneys, for her Complaint at Law, states and alleges as follows:

**PARTIES**

1. At all times relevant to this action, Plaintiff Roberta Ford, (hereinafter "Plaintiff") is a resident of the State of Colorado and resides at 1944 Terrace Dr, Highlands Ranch, CO 80126.

2. Defendant State Farm Fire and Casualty Company (hereinafter "State Farm") is an insurance company qualified to do business and doing business in the State of Colorado and provides homeowner's insurance coverage to individuals with the State of Colorado. State Farm lists its registered agent as Corporation Service Company, 1900 W. Littleton Boulevard, Littleton, CO 80120.

## INTRODUCTION AND NATURE OF THE CASE

3. This is a breach of contract, common law first-party insurance bad faith and statutory unreasonable conduct case arising from State Farm's unreasonable behavior in delaying and/or denying homeowner's insurance benefits to Plaintiff pursuant to a contract of insurance subject to the laws of the State of Colorado.

4. Plaintiff suffered damage to her home as a result of a hailstorm occurring on September 3, 2021.

5. The damage to her home prompted Plaintiff to file a claim under her homeowner's insurance policy with State Farm, which had coverage for damage of this nature.

6. State Farm failed to do a proper inspection, at first denying the claim by stating that the damage was less than Plaintiff's deductible, then after reinspection increasing her claim but undervaluing the claim by excluding damage clearly caused by the hailstorm.

7. Plaintiff now seeks damages for State Farm's breach of insurance contract, and because State Farm acted unreasonably in it handling of Plaintiff's claim, as well as unreasonably delayed and denied Plaintiff owed benefits under her homeowner's insurance policy.

## JURISDICTION AND VENUE

8. Venue is proper in this Court pursuant to C.R.C.P. 98(c), which Plaintiff designates as the place of trial, and because Defendant State Farm is a non-resident and may be found in this county.

9. The Court has personal jurisdiction over State Farm in this matter, upon service of process, pursuant to C.R.S. § 13-1-124 because State Farm conducts systematic and continuous insurance business in the state of Colorado.

## GENERAL ALLEGATIONS

10. On or about September 3, 2021, a hailstorm occurred in the Highlands Ranch area of Colorado.

11. At or around the same time as the September 3, 2021 hailstorm (Hailstorm), Plaintiff was at residence, located at 1944 Terrace Drive, Highlands Ranch, Colorado 80126 (Plaintiff's Home).

12. The Hailstorm caused damage to Plaintiff's Home.

13. The damage to Plaintiff's Home included, but was not limited to, damage to her roof, her paint, her windows, her window screens, and her concrete.

14. On or about September 7, 2021, Plaintiff filed a claim for damages under her State Farm Homeowner's Insurance Policy #86-49-6002-3 (Policy).

15. The type of damage caused by the Hailstorm was the type of damage covered by the Policy.

16. On or about September 27, 2021, State Farm sent a claims representative to Plaintiff's Home to inspect for damages caused by the Hailstorm.

17. During the September 27, 2021 inspection, State Farm's claims representative spent less than thirty minutes at the Plaintiff's Home inspecting for damage.

18. During the September 27, 2021 inspection, State Farm's claims representative never went onto Plaintiff's roof to inspect it for damage.

19. During the September 27, 2021 inspection, State Farm's claims representative never went into Plaintiff's Home and took moisture readings of her walls to see if the seals on her roof had been damaged.

20. State Farm has an obligation to perform a reasonable investigation based on all available information.

21. On or about October 22, 2021 State Farm sent Plaintiff a letter (October 22 Estimate) stating that the total of her damages to Plaintiff's Home from the Hailstorm did not exceed her deductible of $3,641.00.

22. The damages to Plaintiff's Home from the Hailstorm did exceed $3,641.00.

23. Because of State Farm's denial of Plaintiff's owed benefits, Plaintiff retained public adjuster Peter Ridulfo, of Claims Pro Public Adjusters, LLC, on November 11, 2021.

24. On or about November 12, 2021, Mr. Ridulfo sent a Notice of Representation to State Farm requesting a certified copy of the Policy, as well as a copy of State Farm's sworn proof of loss form.

25. State Farm responded to Mr. Ridulfo's Notice of Representation on or about November 24, 2021, providing a copy of its sworn proof of loss form and stating that it would send over a copy of the Policy as soon as possible.

26. State Farm never provided Mr. Ridulfo a copy of the Policy for his review.

27. State Farm has an obligation to provide and insured a copy of his or her policy when requested in writing.

28. State Farm reinspected Plaintiff's Home on or about December 8, 2021 for damage from the Hailstorm.

29. On or about January 3, 2022, State Farm issued a new estimate for damages to Plaintiff's Home as a result of the Hailstorm (January 3 Estimate).

30. The January 3 Estimate stated that the total replacement cost value, including allowance for general contractor's overhead and profit (O&P), was $39,322.78.

31. The January 3 Estimate depreciated the amount allowed for O&P.

32. It is improper to depreciate O&P in an estimate.

33. The January 3 Estimate did not include replacement for all of the damaged sections of the roof on Plaintiff's Home.

34. The January 3 Estimate did not include replacement for all of the damaged windows at the Plaintiff's Home.

35. The January 3 Estimate used outdated materials pricing from September 2021, despite the cost of construction materials increasing on a monthly basis.

36. The January 3 Estimate did not fully and/or accurately reflect all of Plaintiff's damages to Plaintiff's Home from the Hailstorm.

37. After deductible and depreciation, State Farm issued a payment to State Farm for $28,790.76.

38. State Farm's payment of $28,790.76 did not make Plaintiff whole.

39. State Farm did not include the back roof of Plaintiff's Home in its January 3 Estimate.

40. In order to mitigate damage caused by leaks in the roof due to damage from the Hailstorm, Plaintiff informed State Farm she would move forward with the roof replacement of her whole roof.

41. On April 14, 2022 Plaintiff offered to let State Farm reinspect the damage to the back roof which was not included in the January 3, 2022 before she replaced the whole roof to prevent any further damage to the interior to Plaintiff's Home from water leaking.

42. State Farm choose not to reinspect Plaintiff's Home's roof.

43. On April 22, 2022 Plaintiff, again, offered to let State Farm reinspect the damage to the back roof which was not included in the January 3, 2022 before she replaced the whole roof to prevent any further damage to the interior to Plaintiff's Home from water leaking.

44. State farm never responded to the second invitation to reinspect.

45. State Farm never agreed to pay for the damage to the back roof of Plaintiff's Home.

46. On April 13, 2022, Plaintiff sent in a proof of loss as well as a supplemental estimate with supporting documentation for damages caused to Plaintiff's Home by the Hailstorm (First Proof of Loss).

47. Plaintiff's First Proof of Loss included the back roof and other repairs missing from State Farm's January 3 Estimate.

48. Plaintiff's First Proof of Loss used updated pricing on the materials.

49. Plaintiff's First Proof of Loss, after deductible, estimated Plaintiff's damages at $83,304.02.

50. In response to Plaintiff's First Proof of Loss, State Farm issued an additional payment to Plaintiff for $683.08.

51. The payment of $683.08 did not make Plaintiff whole.

52. On or about June 24, 2022 Plaintiff sent in an updated proof of loss and estimate with additional documentation of the damages to Plaintiff's Home caused by the Hailstorm ( June 24 Proof of Loss).

53. Plaintiff's June 24 Proof of Loss estimates Plaintiff's damages at $151,886.44 less Plaintiff's deductible.

54. Plaintiff's June 24 Proof of Loss includes interior water damage from the leak that was the result of roof damages caused by the Hailstorm.

55. On or about July 7, 2022 State Farm called Mr. Ridulfo and advised him that they would not pay any additional amounts for damages to Plaintiff's Home from the Hailstorm.

56. State Farm denied Plaintiff the owed benefits claimed in Plaintiff's June 24, 2022 Proof of Loss.

57. State Farm never did an additional inspection following receipt of the June 24 Proof of Loss.

58. State Farm claimed that it was not given an opportunity to reinspect the roof prior to replacement by Plaintiff.

59. State Farm has been offered two separate opportunities to reinspect the roof before Plaintiff replaced it to stop leaks from continuing to damage the interior of her home.

60. To date, State Farm has delayed Plaintiff's owed benefits for over ten months.

61. To date, State Farm has denied Plaintiff's owed benefit by refusing to pay for damages to Plaintiff's home caused by the Hailstorm.

## UNREASONABLE CLAIMS PRACTICES

62. C.R.S. § 10-3-1104(1)(b)(III) states that it is a prohibited deceptive practice for an insurer to "knowingly make any false entry of a material fact in any book, report, or other written statement of any insurer" or "knowingly [omit or fail] to make a true entry of a material fact

pertaining to the business of the insurer in any book, report, or other written statement of the insurer"

63. C.R.S. § 10-3-1104(h)(I) states that it is an unfair claim settlement practice to "misrepresent pertinent facts or insurance policy provisions relating to coverages at issue."

64. C.R.S. § 10-3-1104(h)(III) states that it is an unfair claim settlement practice to "[fail] to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies"

65. C.R.S. § 10-3-1104(h)(IV) states that it is an unfair claims settlement practice to "[refuse] to pay claims without conducting a reasonable investigation based upon all available information."

66. C.R.S. § 10-3-1104(h)(VII) states that it is an unfair claims settlement practice to "[compel] insureds to institute litigation to recovery amounts due under an insurance policy by offering substantially less than the amount ultimately recovered in actions brought by such insureds."

67. State Farm knowingly made false entry of material fact when State Farm misrepresented in the October 22 Estimate that there was no damage to roof of Plaintiff's Home.

68. State Farm knowingly made false entry of material fact when State Farm misrepresented in the October 22 Estimate that there was not enough damage to Plaintiff's Home to exceed Plaintiff's deductible.

69. State Farm knowingly failed to make a true entry of material fact when State Farm misrepresented in the January 3 Estimate that it included all of the Hailstorm damage to Plaintiff's Home.

70. State Farm knowingly failed to make a true entry of material fact when State Farm stated that it was not given an opportunity to reinspect Plaintiff's Home's roof prior to replacement.

71. State Farm unreasonably participated in unfair claim settlement practices by not implementing reasonable standards for the prompt investigation of Plaintiff's claim by delaying a complete site inspection for almost XX months.

72. State Farm unreasonably participated in unfair claim settlement practices by refusing to pay Plaintiff's claim without conducting a reasonable investigation based on all available information when it did not do a proper and adequate inspection of Plaintiff's Home on September 27, 2021.

73. State Farm unreasonably participated in unfair claim settlement practices by refusing to pay Plaintiff's claim without conducting a reasonable investigation based on all available information when it claimed in the October 22 Estimate that the damage was below Plaintiff's deductible.

74. State Farm unreasonably participated in unfair claim settlement practices by refusing to pay Plaintiff's claim without conducting a reasonable investigation based on all available information when State Farm refused to properly evaluate the full extent of the damage to Plaintiff's Home when preparing the January 3 Estimate.

75. State Farm unreasonably participated in unfair claim settlement practices by compelling Plaintiff to institute litigation in order to recover benefits owed under the Policy when it partially denied the claim and paid substantially less than the full amount of Plaintiff's damages as a result of the Hailstorm.

## CLAIMS FOR RELIEF

### First Claim for Relief
**(Breach of Contract- State Farm)**

76. Plaintiff incorporates all of the above allegations of this Complaint as if fully set forth herein.

77. The Insurance Policy between Plaintiff and State Farm is a binding contract.

78. Pursuant to the Policy, State Farm must pay for all damages covered by the Policy.

79. Plaintiff paid premiums and otherwise performed all conditions precedent to recovery of benefits under the Policy with State Farm.

80. State Farm has failed to pay Plaintiff for all damages from the Hailstorm covered by the Policy.

81. By failing to pay Plaintiff for all damages sustained from the Hailstorm, which are covered under the Policy, State Farm has breached the Policy.

82. As a direct, immediate, and proximate result of State Farm's breaches of the Policy, Plaintiff has suffered injuries, damages, and losses in an amount to be proven at trial.

### Second Claim for Relief
**(Violation of C.R.S. §§ 10-3-1115, 1116-State Farm)**

83. Plaintiff incorporates all of the above allegations of this Complaint as if fully set forth herein.

84. Plaintiff is a first-party claimant who is owed policy benefits as an Insured under their Policy with State Farm.

85. Accordingly, State Farm has a statutory duty not to unreasonably delay or deny those benefits to Plaintiff.

86. As alleged herein, State Farm has delayed and/or denied payment of covered benefits to Plaintiff without a reasonable basis for that action.

87. As a direct and proximate result of State Farm's unreasonable delay and denial, Plaintiff have suffered injuries, damages, and losses in an amount to be proven at trial.

88. Plaintiff is entitled to all remedies allowed by C.R.S. § 10-3-1116, including two times the covered benefit, reasonable attorneys' fees, and costs.

89. Plaintiff requests damages under C.R.S. § 10-3-1116 does not limit or effect other actions available by statute or common law, now or in the future.

**Third Claim for Relief**
**(Bad Faith Breach of Contract-State Farm)**

90. Plaintiff incorporates all of the above allegations of this Complaint as if fully set forth herein.

91. Plaintiff is a first-party claimant who is owed policy benefits as an Insured under their Policy with State Farm.

92. Under Colorado law, every insurance contract contains an implied covenant of good faith and fair dealing and imposes on insurers a duty to act in good faith with their insureds.

93. Pursuant to its implied duty of good faith and fair dealing, State Farm owed to Plaintiff an obligation to treat Plaintiff's interests with equal consideration to its own interests.

94. State Farm has breached its duty of good faith and fair dealing owed to Plaintiff, and its conducted fell below the standard of care of a reasonably prudent insurer doing business in the State of Colorado in one or more of the following manners:

a) Failing to give equal consideration to the interest of Plaintiff, its insured;

b) When investigating Plaintiff's claims, failing to diligently search for evidence that supported their insured's (Plaintiff's) claims;

c) Unreasonably delaying and/or withholding benefits under the insurance policy without a reasonable basis for delaying and/or withholding benefits;

d) Depriving Plaintiff of the benefits and protections of the contract of insurance;

e) Refusing to negotiate or to respond to requests for information made by Plaintiff's counsel in a timely manner;

f) Refusing to pay claims without conducting a reasonable investigation based upon all available information;

g) Not attempting in good faith to effectuate fair and equitable settlement of the claim after its liability has become reasonably clear;

h) Compelling Plaintiff to institute litigation to recover amounts due under the insurance policy by failing to pay medical expenses owing and/or by denying underinsured motorist benefit which Plaintiff is entitled to recover;

i) Forcing Plaintiff into the costly and lengthy process of litigation; and

j) Any further acts which may be discovered.

95. As alleged herein, State Farm's conduct was unreasonable and State farm either knew such conduct was unreasonable or recklessly disregarded the fact that the conduct was unreasonable.

96. As a direct and proximate result of State Farm's breach of its duty of good faith and fair dealing in its conduct in handing Plaintiff's Hailstorm damage claim, Plaintiff has suffered injuries, damages, and losses in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment in her favor and against State Farm as follows:

a) For all consequential compensatory economic and non-economic damages, caused by the Hailstorm, which is not specifically excluded under the Policy;

b) For all consequential extra-contractual compensatory damages caused by State Farm's tortious conduct, including non-economic damages for emotional stress, aggravation, annoyance, inconvenience and other harm suffered by Plaintiff;

c) For all pre-and post-judgment interest, statutory or moratory, allowed by law;

d) For statutory penalties under C.R.S. §10-3-1116 equal to two times the amount of the UIM benefits that were wrongly and unreasonably withheld;

e) For reasonable attorney's fees and costs of suit incurred in bringing this action as permitted under C.R.S. §10-3-1116;

f) For all other damages, injuries and losses to be revealed in the prosecution of this matter; and

g) For any such other and further relief as the Court deems just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES**

Respectfully submitted this 21st day of July, 2022.

KEN FIEDLER INJURY LAW

***Duly signed original on file at Ken Fiedler Injury Law***

*s/ James R. Anderson*
Kenneth R. Fiedler, #46934
James R. Anderson, #49511
4725 S. Monaco St., Ste. 120
Denver, CO 80237
Tel. (720) 996-6000
Fax (720) 696-7962

Plaintiff's Address:
Roberta Ford
1944 Terrace Drive
Highlands Ranch, Colorado 80126