IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 22-cv-02051-REB-SBP

ROBERTA FORD

  Plaintiff,

vs.

STATE FARM FIRE AND CASUALTY COMPANY

  Defendant.

## ORDER GRANTING MOTION TO PRECLUDE EXPERT TESTIMONY

**Blackburn, J.**

The matter before me is **Defendant's Motion To Preclude Expert Testimony; Fed. R. Evid. 702 and Fed. R. Civ. P. 26** [#45],[1] filed November 13, 2023. I have jurisdiction over this matter under 28 U.S.C. § 1332 (diversity of citizenship). I grant the motion.

On September 3, 2021, plaintiff Roberta Ford's home was damaged in a hailstorm. Ms. Ford filed a claim under her homeowners' policy with her insurer, defendant State Farm Fire and Casualty Company ("State Farm"). By this lawsuit, Ms. Ford brings claims for breach of contract and common law and statutory bad faith breach of contract.

---

[1] "[#45]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

As is relevant to the resolution of the instant motion, Ms. Ford has endorsed the following individuals as non-retained expert witnesses: (1) Seamus Bradley of Celtic Construction Company; (2) Eddie Dieker "and/or Representatives of EcoShield Interiors;" and (3) Peter Ridulfo, a public adjuster.² State Farm maintains Ms. Ford failed adequately to disclose the opinions of these witnesses under Fed. R. Civ. P. 26(a)(2)(C) and thus moves to exclude their expert testimony under Fed. R. Civ. P. 37(c).

Rule 26 requires a party's initial disclosures to include, *inter alia*, "the identity of any witness [the party] may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." **FED. R. CIV. P.** 26(a)(2)(A). A putative expert who is not "retained or specially employed to provide expert testimony in the case," **FED. R. CIV. P.** 26(a)(2)(B), need not produce a written report; however, the proffering party still must disclose the subject matter of the witness's anticipated testimony and "a summary of the facts and opinions to which the witness is expected to testify," **FED. R. CIV. P.** 26(a)(2)(C).

Although less demanding than the disclosure requirements for retained experts, the disclosure requirements for non-retained experts "cannot be ignored or dismissed as a mere formality." ***Anderson v. Seven Falls Co.***, 2013 WL 3771300 at *6 (D. Colo. Jul. 18, 2013). At minimum, the rule requires a party "to set forth the substance of the

---

² "A public insurance adjuster is an independent trained insurance professional that helps individuals with the homeowners insurance claim process." Les Masterson, Forbes Advisor, Homeowners Insurance, *What Is A Public Adjuster And Should You Hire One?* (available at: https://www.forbes.com/advisor/homeowners-insurance/public-adjusters/) (last accessed: December 20, 2023).)

2

direct examination," such that the opposing party has "a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir.), *cert. denied*, 123 S.Ct. 623 (2002).

The disclosures challenged here come nowhere close to meeting that standard. To begin, the designation of unspecified "representatives" of a corporate party plainly fails to satisfy a party's obligation to disclose "the *identity* of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." **FED. R. CIV. P.** 26(a)(2)(A) (emphasis added). "By its plain terms, the Rule requires that a party disclose the identity of the witness, not simply a potential category of individuals from which a party can later select an expert." *Green Earth Wellness Center LLC v. Atain Specialty Insurance Co.*, 2016 WL 632051 at *2 (D. Colo. Feb. 17, 2016). *See also Stone v. High Mountain Mining Co., LLC*, 2022 WL 79861 at *7 (D. Colo. Jan. 7, 2022).

Moreover, rather than disclosing the "facts and opinions" of the respective experts, Ms. Ford has provided only a list of topics about which each expert is expected to testify.[3] "Rule 26(a)(2)(C) disclosures are meant to define the scope of expert

---

[3] In addition, the disclosure of Mr. Ridulfo as a non-retained expert was untimely. Mr. Ridulfo was listed in Ms. Ford's initial disclosures as a lay witness. Despite three extensions of the expert witness disclosure deadline, he was designated as an expert nearly four months past the final deadline. Ms. Ford did not seek leave of court to amend the scheduling order deadline, which would have required her to establish good cause for the delayed designation. *Gorsuch, Ltd., B.C. v. Wells Fargo National Bank Association*, 771 F.3d 1230, 1240 (10th Cir. 2014). She has not done so here either.

"Good cause" requires a showing that "scheduling deadlines cannot be met despite [the movant's] diligent efforts," such as "if a plaintiff learns new information through discovery or if the underlying law has changed." *Id.* Ms. Ford explains she changed Mr. Ridulfo's designation "out of an abundance of caution" after State Farm questioned whether aspects of his testimony might be

testimony so that an opposing party can be prepared to address the opinions proffered." ***Stone***, 2022 WL 79861 at *8.  To that end, the disclosure must "summarize actual and specific opinions." ***Nosewicz v. Janosko***, 2019 WL 4248895 at *5 (D. Colo. Aug. 19, 2019), ***adopted***, 2019 WL 4242739 (D. Colo. Sept. 6, 2019) (citation and internal quotation marks omitted).  ***See also Jacobsen***, 287 F.3d at 953 (expert disclosures intended to "to set forth the substance of the direct examination") (quoting **FED. R. CIV. P.** 26(a)(2), adv. comm. note).  Accordingly, Ms. Ford "cannot satisfy her obligations under Rule 26(a)(2)(C) by merely providing a list of topics on which the witness is expected to testify." ***Harlas v. Barn, LLC***, 2019 WL 7290928 at *6 (D. Colo. Oct. 1, 2019).  ***See also  Emerson Electric Co. v. Suzhou Cleva Electric Appliance Co.***, 2015 WL 8770712 at *2 (E.D. Mo. Dec. 15, 2015) ("Courts have found that a party cannot comply with its disclosure obligations under this rule by merely stating the topic that will be discussed at a high level.") (citing cases).

Where, as here, a party who violates her discovery obligations under Rule 26, she "is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." **FED. R. CIV. P.** 37(c)(1).  In exercising its "broad discretion" to determine whether a violation of the rule was justified or harmless, ***see Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Co.***, 170 F.3d 985, 993 (10th Cir.1999), the court should consider "(1) the

---

objectionable as beyond the scope of lay opinion.  Ms. Ford's failure to appreciate the nature of her witness's potential testimony does not establish good cause.  Nor does the fact that Mr. Ridulfo disclosed certain opinions in his deposition save his untimely expert designation.  To the extent these opinions stray beyond the realm of lay witness testimony, the failure to timely disclose them timely is fatal.

4

prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness," *Jacobsen*, 287 F.3d at 953 (citation and internal quotation marks omitted).

Beyond merely insisting that her inadequate disclosures are in fact adequate, Ms. Ford does nothing to address this issue, and I cannot find her lapse was either substantially justified or harmless.[4]  Clearly, State Farm will be prejudiced if these witnesses are allowed to provide expert testimony when it has no clear indication of what opinions they might offer (and, concomitantly, whether they are qualified to offer them).[5]  Moreover, there is no opportunity to cure the prejudice without disrupting the trial, now scheduled to commence in a month.  Thus, even though State Farm does not contend – and I have no basis to find – that Ms. Ford acted willfully or in bad faith, based on the other relevant considerations weigh, the failure to disclose these expert witnesses adequately was not substantially justified or harmless.

For these reasons, the motion will be granted.  Messrs. Bradley, Dieker (as well as any other unnamed "representatives" of his company), and Ridulfo will be precluded from testifying as non-retained experts in this case.

---

[4] Nothing in the Tenth Circuit's decision in *Vincent v. Nelson*, 51 F.4th 1200 (10th Cir. 2022), to which Ms. Ford cites, supports a different conclusion.  The question the court addressed there was whether the non-retained experts "testified within the confines of their designations" at trial when they identified the location of the accident on an aerial photo.  *Id.* at 1215.  The court held the designations, which stated the experts would testify as to their investigations into the accident, albeit not specifically referencing the photo, was sufficiently detailed to satisfy Rule 26.  *See id.* at 1216-17.

[5] It is no answer to say, as Ms. Ford does, that State Farm could have deposed these witnesses.  A party cannot foist her own discovery derelictions onto her opponent in this fashion.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant's Motion To Preclude Expert Testimony; Fed. R. Evid. 702 and Fed. R. Civ. P. 26** [#45], filed November 13, 2023, is granted; and

2. That Seamus Bradley, Eddie Dieker, unnamed representatives of EcoShield Exteriors, and Peter Ridulfo are precluded from offering expert testimony in the trial of this case.

Dated December 21, 2023, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge